UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES DANA COMBS, II,

    Petitioner,

v.                                                         Case No.  8:11-cv-1679-T-17EAJ

SHERIFF JAMES COATS,

    Respondent.
_____

## ORDER

THIS CAUSE was initiated upon the filing of a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. 1).

Petitioner, who is a pretrial detainee at the Pinellas County Jail, Pinellas County, Florida, alleges that excessive bail has been set in his circuit court case. He also alleges that his conditions of confinement are unconstitutional and that he has been denied adequate medical care. As to the latter allegation, Petitioner Combs filed an emergency petition for writ of habeas corpus in case number 8:11-cv-1543-T-26AEP. Because there is a Marshals hold on Petitioner Combs, that case was transferred to his federal criminal case as a pending motion for miscellaneous relief. (See Doc. 105 in case number 8:98-cr-283-T-24EAJ).

Therefore, the only allegation pending in the present case is the matter of excessive bail, and possibly, Petitioner's request that this Court interfere in his ongoing state court criminal proceeding.

## DISCUSSION

As a preliminary matter, Combs's petition is not cognizable under 28 U.S.C. § 2254 and must instead be construed as a petition for section 2241 relief. A federal habeas petitioner who is "in custody pursuant to the judgment of a State court ...," may seek relief pursuant to title 28, section 2254(a). However, a pretrial detainee is not "in custody" pursuant to a state court judgment so section 2254 relief is unavailable. *See Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir.1987). Petitioners who are pretrial detainees must instead seek relief through section 2241. That section provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." *Dickerson*, 816 F.2d at 224; see 28 U.S.C. § 2241(c)(3); *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir.2004) (section 2241 applies to individuals who a state places in pretrial detention); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir.2003) (same).

Because Combs is a pretrial detainee at the Pinellas County Jail, the Court construes the instant petition to be a section 2241 petition. *See Hiteshaw v. Butterfield*, 262 Fed. Appx. 162, 164 (11th Cir. 2008).

Combs is not entitled to relief under section 2241 because he has failed to exhaust his claims in state court. Habeas petitioners are required to exhaust state court remedies before seeking federal habeas review. Exhaustion is a statutory requirement in the case of section 2254, and a common-law requirement in the case of section 2241. *Braden v.*

*30th Jud. Cir.*, 410 U.S. 484, 488-89 (1973); *Dickerson*, 816 F.2d at 225; *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir.2004). The exhaustion requirement is the same for sections 2254 and 2241. *See Dill v. Holt*, 371 F.3d 1301 (11th Cir.2004) ("Even though [petitioner] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254' s exhaustion requirement.").

To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To circumvent the exhaustion requirement, a petitioner must establish there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Combs could have challenged the bond amount in a petition for writ of habeas corpus in the Florida appellate court. *See McLeod v. Chase*, 95 Fla. 736, 116 So. 858 (Fla.1928) (habeas affords judicial inquiry into the cause of an alleged unlawful actual deprivation of personal liberty); *Camara v. State*, 916 So. 2d 946 (Fla. 3d DCA 2005) (Although a trial court's ruling on bail is entitled to a presumption of correctness, an appellate court will grant relief where the petitioner demonstrates that the amount of bail set is unreasonable under the circumstances.); see*, Parker*, 843 So.2d at 871 (defendant filed state habeas petition attacking the revocation of bail in district court of appeal).

Combs failed to exhaust his state court remedy and instead petitioned directly for this Court's intervention. This Court lacks the authority to resolve Combs's pretrial release issues because the Florida courts have not yet been given the fair opportunity to do so. Further, Combs has failed to allege state court remedies are unavailable or that such remedies are ineffective.

Finally, to the extent that Combs seeks to have this Court interfere in his state criminal proceedings, this Court declines to do so. Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir.1983).[1] If the relief sought "would create an undue interference with state [criminal] proceedings," it is generally prohibited by the *Younger* doctrine. *Green v. Jefferson County Commm'n*, 563 F.3d 1243, 1250 (11th Cir.), *cert. denied,* --- U.S. ----, 130 S.Ct. 199, 175 L.Ed.2d 127 (2009).

There are three exceptions to the *Younger* doctrine, where: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n. 6 (11th Cir.2004) (citing *Younger*, 401 U.S. at 53-54). Plaintiff's filing does not allege facts that support a finding that this case should be excepted from the application of the *Younger* doctrine. Therefore, the *Younger* abstention doctrine applies, and this Court will not interfere in Plaintiff's ongoing state criminal proceedings.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly, the Court orders:

That Combs's petition is dismissed. The Clerk is directed to close this case.

ORDERED at Tampa, Florida, on August 1, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Charles Dana Combs, II